Timothy W. Fredricks (SBN 238039)
Fredricks.T@wssllp.com
Richard P. Tricker (SBN 101460)
Tricker.R@wsslp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1800 Century Park East, Suite 205
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHRAM SAHIHI,<br><br>          Plaintiff,<br><br>        v.<br><br>SEDGWICK FORMALLY YORK RISK, YORK RISK SERVICES GROUP, INDIAN HARBOR INSURANCE COMPANY, AXA XL INSURANCE COMPANY, CONSTITUTION STATE SERVICES, CHRISTINE HARNACK, and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.:<br><br><br><br>**DEFENDANT SEDGWICK'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br><br><br>State Action Filed: November 21, 2025 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Sedgwick Claims Management Services, Inc., erroneously sued as York Risk Services Group ("Sedgwick"), hereby gives notice of removal of the above-referenced action from the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV34204, to the United States District Court, Central District of California, and states:

1.　　On or about November 21, 2025, Plaintiff Bahram Sahihi ("Plaintiff") commenced an action in the Superior Court of the County of Los Angeles, State of California, styled *Sahihi v. Sedgwick Formally York Risk, et al.*, Case No. 25STCV34204. Attached hereto as Exhibit "A" are copies of the summons and complaint and all other papers and pleadings served on Sedgwick in the state court action. In addition to Sedgwick, the named defendants are Indian Harbor Insurance Company, AXA XL Insurance Company, Constitution State Services, and Christine Harnack.

2.　　Sedgwick was first served with a copy of the Summons and Complaint on March 11, 2026. (Declaration of Richard P. Tricker ("Tricker Decl."), para. 4, Ex. B.)  Thirty (30) days have not elapsed since such service on Sedgwick. (28 U.S.C. §1446(b)(2)(B).)

3.　　This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332 and it may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b) because:

(a)　　Plaintiff is an individual currently residing in San Diego, California. (Complaint, para. 19.)  For diversity purposes, Plaintiff is a citizen of the State of California.

(b)　　Defendant Sedgwick is an Illinois corporation, with its primary place of business located in the Memphis, Tennessee.  (Tricker Decl., para. 6.)  For diversity purposes, Sedgwick is a citizen of the States of Illinois and Tennessee. (28 U.S.C. §1332(c)(1).);

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

(c)      Defendant Indian Harbor Insurance Company ("Indian Harbor") is a Delaware corporation, with its primary place of business located in Connecticut. (Tricker Decl., para. 7.) For diversity purposes, Indian Harbor is a citizen of the States of Delaware and Connecticut. (28 U.S.C. §1332(c)(1).) Indian Harbor has consented to and joins this Notice of Removal. (Id., Ex. C.)

(d)      Defendant "AXA XL Insurance Company" is not a legal entity. Defendant Indian Harbor intends to appear in this action as follows: "Indian Harbor Insurance Company, erroneously sued as Indian Harbor Insurance Company and AXA XL Insurance Company." (Tricker Decl., para. 8.) As noted above, Indian Harbor has consented to and joins this Notice of Removal. (Id., Ex. C.)

(e)      Defendant Constitution State Services, LLC ("Constitution") is a Delaware limited liability company, with its primary place of business located in Connecticut. (Tricker Decl., para. 9.) For diversity purposes, Constitution is a citizen of the States of Delaware and Connecticut. (28 U.S.C. §1332(c)(1).) Constitution has consented to and joins this Notice of Removal. (Id., Ex. D.)

(f)      Upon information and belief, Defendant Christine Harnack ("Harnack") is a citizen of California, who has not been served with the Summons and Complaint in this action. (Tricker Decl., para. 9.) The citizenship of a non-diverse defendant named in a state court action may be disregarded for purposes of determining diversity if a federal court determines that the party's joinder is a "sham" or "fraudulent." (*Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).) Defendant Harnack is a current or former employee of third-party administrator Constitution. (Tricker Decl., para. 9.) For this reason, Plaintiff's joinder of Harnack is fraudulent. (*See, Gruenberg v. Aetna Ins. Co*. (1973) 9 Cal.3d 566, 576; *Tran v. Farmers Group, Inc*. (2002) 104 Cal.A4th 1202, 1216*; see also, Icasiano v. Allstate Ins. Co*., 103 F.Supp.2d 1187, 1189 (N.D. Cal. 2000) ("An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency.").

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

(g)   The fictitious defendants named in the Complaint are disregarded for purposes of assessing diversity of citizenship. (28 U.S.C. §1441(b)(1).);

(h)   There is complete diversity between Plaintiff, on the one hand, and Sedgwick, Indian Harbor, and Constitution, on the other.

(i)   According to Plaintiff's Complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff's Complaint includes causes of action for (1) breach of the implied covenant of good faith and fair dealing; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) violations of California *Business & Professions Code*, Section 17200, *et seq*.; and (4) unjust enrichment/constructive trust. The Complaint seeks damages of at least $500,000.00. (*See*, Complaint, Para. 58.)

(j)   Accordingly, this action is properly removable pursuant to 28 U.S.C. §1441(a) and (b).

4.   Sedgwick will promptly file a copy of this Notice of Removal with the clerk of the Superior Court for the State of California, County of Los Angeles.

WHEREFORE, Sedgwick respectfully requests that this Court assume jurisdiction over this case and that the case proceed before this Court as an action properly removed.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated:  April 10, 2026          By:   */s/Richard P. Tricker*
                                       Timothy W. Fredricks
                                       Richard P. Tricker

                                       Attorneys for Defendant
                                       SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

3

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>SEDGWICK FORMALLY YORK RISK,<br>"Additional Parties Attachment form is attached"<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>BAHRAM SAHIHI, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**11/21/2025 10:21 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By D. Williams, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>25STCV34204 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sam Ryan Heidari, SBN: 302555; Heidari Law Group, PC, 3530 Wilshire Blvd Ste 710, Los Angeles, CA 90010; Tel: (213) 884-4881

| DATE: | | Clerk, by | David W. Slayton, Executive Officer/Clerk of Court | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | 11/21/2025 | *(Secretario)* | D. Williams | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* YORK RISK SERVICES GROUP

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bahram Sahihi vs Sedwick Formally York Risk, et al. | 25STCV34204 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

YORK RISK SERVICES GROUP, INDIAN HARBOR INSURANCE COMPANY, AXA XL INSURANCE COMPANY, CONSTITUTION STATE SERVICES, CHRISTINE HARNACK, and DOES 1 through 25, inclusive,

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Sam Ryan Heidari, SBN: 302555<br>Heidari Law Group, PC, 3530 Wilshire Blvd Ste 710, Los Angeles, CA 90010<br><br>TELEPHONE NO.: 213-884-4881          FAX NO.: 213-884-4588<br>EMAIL ADDRESS: Eservice@heidarilawgroup.com<br>ATTORNEY FOR *(Name)*: Bahram Sahihi | FOR COURT USE ONLY<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/21/2025 10:21 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Williams, Deputy Clerk** |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bahram Sahihi vs Sedwick Formally York Risk, et al.

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited          [ ] Limited<br>(Amount          (Amount<br>demanded          demanded is<br>exceeds $35,000)          $35,000 or less) | **Complex Case Designation**<br>[ ] Counter          [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25STCV34204<br><br>JUDGE:<br>DEPT.: |
| --- | --- | --- |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort**<br>[ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | **Contract**<br>[x] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403)**<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| --- | --- | --- |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2025
Sam Ryan Heidari, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
| --- | --- | --- |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

CM-010 [Rev. January 1, 2024]    **CIVIL CASE COVER SHEET**    Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahram Sahihi vs Sedwick Formally York Risk, et al. | 25STCV34204 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23            **CIVIL CASE COVER SHEET ADDENDUM**            LASC Local Rule 2.3
For Mandatory Use                           **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahram Sahihi vs Sedwick Formally York Risk, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahram Sahihi vs Sedwick Formally York Risk, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahram Sahihi vs Sedwick Formally York Risk, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahram Sahihi vs Sedwick Formally York Risk, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 3530 Wilshire Blvd., suite 710 |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90010 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central Judicial District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: Noviembre 21, 2025

_A. Heidari_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

SAM RYAN HEIDARI, ESQ. SBN: 302555
ARIAN BARKHORDAR, ESQ. SBN: 333350
**HEIDARI LAW GROUP, PC**
3530 Wilshire Blvd., Suite 710
Los Angeles, California 90010
Telephone: (213) 884-4881
Facsimile: (213) 884-4588
E-mail: Eservice@heidarilawgroup.com
*Attorneys for Plaintiff,*
*BAHRAM SAHIHI*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2025 10:21 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BAHRAM SAHIHI,<br><br>Plaintiff<br><br>vs.<br><br>SEDGWICK FORMALLY YORK RISK, YORK RISK SERVICES GROUP, INDIAN HARBOR INSURANCE COMPANY, AXA XL INSURANCE COMPANY, CONSTITUTION STATE SERVICES, CHRISTINE HARNACK, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 25STCV34204<br><br>Assigned for all purposes to:<br><br>**COMPLAINT FOR:**<br>1. **Breach of the Implied Covenant of Good Faith and Fair Dealing (Contractual)**<br>2. **Tortious Breach of The Implied Covenant of Good Faith and Fair Dealing**<br>3. **Violation of Business & Professions Code Section 17200, Et Seq.**<br>4. **Unjust Enrichment/Constructive Trust**<br><br>**DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**Amount demanded exceeds $35,000** |

///

///

///

///

///

///

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff BAHRAM SAHIHI (hereinafter referred to as "PLAINTIFF") for causes of action against the Defendants, and each of them, hereby alleges:

### JURISDICTION AND VENUE

1.      This action arises from an automobile collision that occurred on or about November 30th, 2018 on California State Route 163 in the City of San Diego, County of San Diego, State of California (hereinafter referred to as "INCIDENT").

2.      At all relevant times, PLAINTIFF was the driver of a 2009 Toyota Prius with the Vehicle Identification Number JTDKB20U393507620 (hereinafter referred to as "Automobile").

3.      At the time of the INCIDENT, PLAINTIFF was driving for Lyft.

4.      PLAINTIFF was, at all times, insured for the risk of damage or loss to the Automobile, person, and passengers under INDIAN HARBOR INSURANCE COMPANY (hereinafter "INDIAN HARBOR") policy number RAD5000549 (the "Policy") issued by Defendant INDIAN HARBOR.

5.      This action also arises from a breach of contract and a tortious breach of the implied covenant of good faith and fair dealing by INDIAN HARBOR. INDIAN HARBOR issued an insurance policy that provided coverage to PLAINTIFF's person, his automobile, and his passengers.

6.      As a direct and proximate result of Defendants INDIAN HARBOR'S bad faith refusal to comply with its obligations under the Policy, and because of INDIAN HARBOR'S complete disregard of PLAINTIFF's rights, PLAINTIFF has been damaged and has incurred costs, including attorneys' fees, while pursuing his contractual benefits, in an amount to be proven at trial.

### THE PARTIES

7.      At all times mentioned herein, Plaintiff BAHRAM SAHIHI (hereinafter referred to as "PLAINTIFF") was and is a resident of the County of San Diego in the State of California.

8.      Plaintiff is informed and believes, and thereupon alleges, that Defendant INDIAN HARBOR INSURANCE COMPANY, was and at all relevant times herein, a corporation

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

authorized to conduct business in the City of Los Angeles, the County of Los Angeles, and the State of California.

9.    Plaintiff is informed and believes, and thereupon alleges, that Defendant SEDGWICK FORMALLY YORK RISK, was and at all relevant times herein, a corporation authorized to conduct business in the City of Los Angeles, the County of Los Angeles, and the State of California.

10.    Plaintiff is informed and believes, and thereupon alleges, that Defendant YORK RISK SERVICES GROUP was and at all relevant times herein, a corporation authorized to conduct business in the City of Los Angeles, the County of Los Angeles, and the State of California.

11.    Plaintiff is informed and believes, and thereupon alleges, that Defendant AXA XL INSURANCE COMPANY was and at all relevant times herein, a corporation authorized to conduct business in the City of Los Angeles, the County of Los Angeles, and the State of California.

12.    Plaintiff is informed and believes, and thereupon alleges, that Defendant CONSTITUTION STATE SERVICES was and at all relevant times herein, a corporation authorized to conduct business in the City of Los Angeles, the County of Los Angeles, and the State of California.

13.    Plaintiff is informed and believes, and thereupon alleges, that Defendants SEDGWICK FORMALLY YORK RISK, YORK RISK SERVICES GROUP, and CONSTITUTION STATE SERVICES acted as claims administrators and agents for Indian Harbor, carrying out its claims-handling functions and litigation strategy.

14.    Plaintiff is informed and believes, and thereupon alleges, that Defendant CHRISTINE HARNACK acted as a claims adjuster and agents for Indian Harbor, carrying out its claims-handling functions. To the best of Plaintiff's knowledge CHRISTINE HARNACK resides in CA.

15.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 25, inclusive, are unknown to Plaintiff at

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HEIDARI LAW GROUP, P.
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710 , Los Angeles, CA 90010
(213) 884-4881    FAX (213) 884-4588

this time, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent and is responsible in some manner for the events and happenings herein referred to and their negligence proximately caused the injuries and damages sustained by Plaintiffs as herein alleged, either through said Defendants' own negligent conduct or through the conduct of their agents, servants, or employees, or in some other manner.

16.    Based upon information and belief, at all relevant times, Defendants and each of them, were agents, employees, servants, joint employers, predecessors in interest, successors in interest, alter egos, partners, and/or joint venturers of their co-defendants and in doing the acts herein alleged, were acting within the course and scope of said agency, employment, alter ego status, joint employment, partnership, and/or joint venture and with the permission and consent of each of the co-defendants. The defendant-employers, general partners, masters and principals are vicariously liable for the torts committed by their employees, partners, servants, and agents because their torts occurred while the employees, servants, partners, or agents were acting in the course and scope of employment, partnership, or agency. Each and every defendant was acting as a principal and was negligent or grossly negligent in the selection, hiring and training of each and every co-defendant and/or ratified the conduct of each and every co-defendant.

17.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 25, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent and is responsible in some manner for the events and happenings herein referred to and their negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own negligent conduct or through the conduct of their agents, servants, or employees, or in some

HEIDARI LAW GROUP P.C.
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710, Los Angeles, CA 90010
(213) 884-4881    FAX (213) 884-4588

other manner.

18.     At all times relevant herein, each Defendant was the agent, servant, and/or employee of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, employment or service.

### FACTUAL ALLEGATIONS

19.     On November 30th, 2018, at approximately 2:49 p.m., in the city of San Diego, California, Claimant was driving southbound in the second lane of Freeway SR-163, approximately 1200 feet south of Richmond St. The third-party negligent driver was also driving southbound on Freeway SR-163 in the same lane, one car behind Claimant's vehicle. Due to congested traffic ahead, Claimant slowed his vehicle down to a complete stop and remained stopped less than five (5) seconds before the impact. The third-party negligent driver, who was driving at an unreasonably high rate of speed under the then-existing traffic conditions, failed to maintain a safe driving distance from the vehicle directly in front of him, preventing him from stopping in time before it caused a cascade of events resulting in the injury-producing impact that Claimant was involved in, of no fault of his own. Claimant was transferred to the hospital via ambulance. The INCIDENT caused Plaintiff damage through injury to his person, as well as resulting damages from medical treatment, pain and suffering, and property damage.

20.     On January 13, 2020, PLAINTIFF sent a time sensitive settlement demand for fair and reasonable timely evaluation of under insured motorists bodily injury claim under the Policy. Medical records were submitted along with the demand detailing facts that PLAINTIFF suffered multiple Disc Protrusions and Annular Tears, to his Lumbar Spine and Cervical Spine as well as a Severe Articular Tear to his Right Shoulder. Defendants were given 15 days to respond.

21.     On January 28, 2020, Defendants sent correspondence finally acknowledging receipt of the demand but falling short of any type of resolution or substantive response to the demand. The response simply requested additional information.

22.     On February 1, 2020, PLAINTIFF, through his attorney, sent INDIAN HARBOR a demand for arbitration of his UIM claim pursuant to code as well as policy, as was Plaintiff's right.

HEIDARI LAW GROUP
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710, Los Angeles, CA 90010
(213) 884-4881  FAX (213) 884-4588

23.    Defendants did not respond to Plaintiff's demand for arbitration. Instead for over a year and a half Defendants dragged their feet under the guise of negotiations. Defendants would not agree to selecting an arbitrator and formally engage in the arbitration process.

24.    On June 14, 2021, over sixteen (16) months after Plaintiff served his demand for arbitration Defendants propounded discovery on Plaintiff. However, they continued to claim that they wanted to keep negotiating and would extend Plaintiff's response deadline until they had Plaintiff's updated medical records along with a second demand.

25.    On August 5, 2021, PLAINTIFF sent a second time sensitive settlement demand for fair and reasonable timely evaluation of under insured motorists bodily injury claim under the Policy.    Updated Medical records were submitted along with the demand detailing all prior medical treatment along with Plaintiff's updated treatment including a lumbar surgery that Plaintiff had received since the prior demand was sent.

26.    On October 4, 2021, after receiving multiple extensions to review and respond to Plaintiff's demand, Defendants sent correspondence acknowledging receipt of the demand but falling short of any type of resolution or substantive response to the demand. The response, once again, simply stated that they need additional information to evaluate Plaintiff's demand.

27.    On October 21, 2021, Plaintiff again offered proposed arbitrators to get arbitration scheduled however, Defendants again did not respond to Plaintiff's request.

28.    On December 3, 2021, Plaintiff again sent Defendants a Plaintiff's list of proposed arbitrators. Nearly two (2) years after Plaintiff served his demand for arbitration, Defendants finally agreed to have RA Carrington serve as the arbitrator but would not agree to set a date without further meeting and conferring. Plaintiff obliged and the Parties agreed to speak on the phone.

29.    After meeting and conferring Defendants still refused to set an actual date for the arbitration.

30.    On January 21, 2022, Plaintiff again followed up with Defense counsel regarding setting a firm date for the arbitration. Plaintiff offered May and June and asked Defendant to provide 3-5 dates in those months to prevent further delay.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

31. On February 1, 2022, Defendants responded to Plaintiff by again refusing to set dates this time arguing that they want to review Plaintiff's medical records or take Plaintiff's deposition prior to setting a date.

32. On February 4, 2022, in response to Defendants refusal to set an arbitration date, Plaintiff sent Defendant a second and final time sensitive demand for arbitration. Plaintiff provided Defendants until February 8, 2022 to engage in the arbitration process. Defendants responded claiming that they would not agree to a date in May or June and the earliest they would agree to would be a date in 2023, three (3) years after Plaintiff sent his initial arbitration demand.

33. Defendants then offered to meet and confer regarding dates for the arbitration telephonically which Plaintiff again obliged. However, Plaintiff let Defendant know that Plaintiff would want a date in 2022.

34. On February 11, 2022, after continuously stonewalling Plaintiff's efforts to set firm dates for arbitration, Defendants finally agreed to set arbitration for September 19-21, 2022, over two (2) and a half years after Plaintiff initial demand for arbitration.

35. Additionally, throughout the arbitration process Defendants continuously prolonged the process by unreasonably acting in a manner that would protract the arbitration process. For example, Defendants scheduled Plaintiff's Defense Medical Exam but failed to provide an interpreter forcing the Defense Medical Exam to be continued to a later date and in turn forcing Plaintiff to continue the Arbitration date.

36. Defense Counsel Todd Haas was out on medical leave for approximately one (1) year. In March of 2024, after returning from his medical leave Plaintiff attempted on multiple occasions to set a new date for the arbitration however, again Defense Counsel began stonewalling the process.

37. Finally, Defendant suggested a date in August for the Arbitration however, even after that Defendant then changed its mind and asked for dates in October. Plaintiff in good faith and in an attempt to cooperate with Defendants agreed to set the arbitration for October 15, 2024.

38. Even given this new arbitration date Defendants chose to sit idly by an simply

HEIDARI LAW GROUP, P.C.
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710, Los Angeles, CA 90010
(213) 884-4881  FAX (213) 884-4588

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

neglect this matter and not do any form of discovery until the eve of arbitration. Moreover, Defendant did not even make a proper demand for exchange of experts. Then on the eve of arbitration Defendants issued several subpoenas asking for the deposition of not only Plaintiff's experts but also Plaintiff's treating physicians. It seems that this tactic was employed to prejudice Plaintiff and bombard Plaintiff with last second discovery in an attempt at gamesmanship. Significantly, these depositions not only lengthened the case nut they added significant costs for Plaintiff.

39.     Plaintiff objected to these subpoenas because he believed that these deposition subpoenas were invalid given that they were served on the eve of trial and other procedural fatalities. However, Plaintiff did not have a meaningful opportunity to take his complaint to Court in front of a judge as due to Defendant actions the five (5) year statute of limitation was around the corner and Plaintiff could not risk having his action being barred. Thus, Plaintiff agreed to have the Arbitrator hear and rule on the issues. The Arbitrator chose to ignore valid applicable law and allow Defendants to proceed with all of the depositions it wanted. Again, the matter was continued for five (5) months to March 10, 2025.

40.     These tactics have been a common theme that has plagued Plaintiff's counsel's firms dealings with arbitrating matters against Lyft. These patterns arise in nearly all of the cases that Plaintiff has arbitrated against Lyft. In fact, the same Defense firm as the one that is involved in this matter is the same firm that is involved in most of the Lyft arbitration matters that our firm deals with. It is important to note that Plaintiff's counsel's firm is currently involved in another bad faith lawsuit against Lyft, in the matter of Jonathan Alvarez Llanos v. Sedgwick Formally York Risk, et al., LASC Case No. 21STCV30098. Many of these same tactics were employed in that matter as well. It seems that delay tactics are the name of the game for insurance companies representing Lyft. Their loyalty to Lyft comes at the direct prejudice to those driver's who are insured under Lyft's insurance policy.

41.     Even once the matter went to arbitration, Defense Counsel made several inaccurate statements regarding the facts of the case. For example, he kept referencing an MRI that never existed in the first place a lower incorrect amount for Plaintiff's property damage.

HEIDARI LAW GROUP<br>TRIAL LAWYERS<br>3530 Wilshire Blvd., Suite 710, Los Angeles, CA 90010<br>(213) 884-4881   FAX (213) 884-4588

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HEIDARI LAW GROUP
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710, Los Angeles, CA 90010
(213) 884-4881   FAX (213) 884-4588

42.    Moreover, the Arbitrator's final award contains several inaccuracies including misstating Plaintiff's neurosurgeon's testimony as well as an inaccurate reading of Plaintiff's medical records. Moreover, The arbitrator's award simply disregards Plaintiff's lumbar fusion surgery and does not include any amount in the award for this surgery. Then the gross total, prior to offset, award was for approximately $4,200.00 less than Defendant's first 998 offer. Plaintiff does not believe that these are just mere coincidences. It was as if the Arbitrator and Defendants had a backroom deal to make sure that Plaintiff is awarded a low enough amount to ensure that Plaintiff does not beat Defendant's 998 offer.

43.    Defendant's conduct reflects a broader pattern of bad faith, including unreasonable delays, misrepresentations, and a failure to properly communicate Plaintiffs' rights and options.

44.    Defendant's delays and mismanagement of the claims process forced Plaintiff to expend additional time and resources pursuing benefits under the policy. These actions caused emotional distress and financial hardship for Plaintiff.

45.    The harm caused by Defendant's mishandling of the claim—including delays, misrepresentations, and failure to act in good faith—stands as a separate basis for relief, regardless of the arbitration outcome.

46.    Defendant's conduct demonstrates a pattern of failing to act in good faith and fair dealing, as required by California law and the terms of the policy. This pattern caused substantial harm to Plaintiffs and is the basis for claims of breach of contract and bad faith.

47.    In Plaintiff's counsel's dealings with Lyft uninsured and underinsured first party claims are consistently delayed, obstructed, and undervalued under the same Sedgwick/Indian Harbor system.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (By Plaintiff Against all DEFENDNATS)

48.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

9

49. At all relevant times, Defendants, and each of them, owed Plaintiffs a duty of good faith and fair dealing regarding all transactions, communications, and obligations arising under or in connection with the Policy.

50. Defendants breached their duty of good faith and fair dealing by engaging in a pattern of unreasonable, improper, and bad-faith conduct that hindered and delayed the fair adjustment and resolution of Plaintiffs' claims under the Policy.

51. Defendants, and DOES 1 through 25, and each of them, breached the terms of the Policy by engaging in acts and/or omissions detailed above and by failing to provide benefits PLAINTIFF was entitlted to under the Policy.

52. Defendants willfully disregarded Plaintiffs' timely demand for arbitration of bodily injury claims under the Policy, ignored evidence that Plaintiffs complied with all Policy terms, and delayed resolution by under the guise of negotiations. Defendants' simply ignored Plaintiff's demand for arbitration for over a year and a half.

53. Defendants' actions and omissions, including their failure to pay benefits and unjustified delays, were unreasonable, fraudulent, and contrary to the implied covenant of good faith and fair dealing.

54. Defendants' actions included but were not limited to the following bad-faith conduct:

a. Failing to conduct a full, fair, and prompt investigation of Plaintiffs' claims;

b. Compelling Plaintiffs to engage in litigation and prolonged proceedings to recover benefits clearly due under the Policy;

c. Employing delay tactics, including not agreeing to arbitrate and select an arbitrator for nearly two (2) years after Plaintiff served multiple demands to arbitrate;

d. Further delay tactics included refusing to set an early date for arbitration and insisting on delaying the arbitration date and failing to provide an interpreter for Plaintiff's defense medical exam forcing the exam to be delayed.

e. Additional delays created by Defendants include: while Defense Counsel Todd Haas was on medical leave for approximately one (1) year Defendant did not assign this matter to

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

another counsel to avoid delays instead they had Plaintiff place the entire matter on hold until Defense Counsel came back from his leave. Importantly, while on leave Defense Counsel attempted to attend Plaintiff's deposition in a separate matter. Furthermore, after coming back from leave Plaintiff attempted on multiple occasions to set a new date for the arbitration however, again Defense Counsel began stonewalling the process.

f. Defendants failed to litigate this matter in good faith and on the eve of arbitration, after nearly five (5) years, Defendant began sending a flury of deposition notices for Plaintiff's treating physicians. This caused the matter to be delayed for an additional five (5) months.

g. Ignoring or rejecting evidence supporting coverage while seeking only evidence to justify denial of claims;

h. Refusing to provide timely responses to Plaintiffs' inquiries and demands.

i. Prioritizing INDIAN HARBOR's financial interests over the contractual and legal rights of Plaintiffs.

j. Failing to adopt reasonable standards for prompt investigation.

k. Failing to act promptly on communications and arbitration demands.

l. Despite repeated demands and full medical documentation, Defendants never conducted a genuine evaluation of the fair value of the claim. Instead, they prolonged the process and withheld payment for their own financial benefit, accruing investment gain and pressuring Plaintiff into an undervalued settlement.

55.    The wrongful denial of coverage and failure to honor Plaintiffs' claims constituted a breach of the Policy, depriving Plaintiffs of the benefits to which they were contractually entitled. Defendant ALLSTATE further acted unreasonably in handling the Claim, including but not limited to:

a. Failing to communicate timely and effectively with Plaintiffs regarding the status of the Claim;

b. Failing to provide clear and substantive justifications for delays or denials;

c. Denying portions of Plaintiffs' claims without proper investigation or basis; and

d. Failing to act in good faith to resolve the Claim in accordance with the Policy's terms.

11

56. As a proximate result of Defendants' bad faith, Plaintiffs suffered substantial damages, including:

a. Loss of benefits under the Policy;

b. Emotional distress, frustration, and undue stress caused by Defendants' conduct;

c. Increased financial burdens from prolonged delays and unnecessary arbitration processes; The exact amount of such damages will be proven at time of trial.

d. Attorneys' fees and legal costs incurred to enforce rights under the Policy; and

e. Consequential damages resulting from Defendants' refusal to fulfill their contractual and legal obligations.

57. Plaintiffs further allege that Defendants' pattern of wrongful conduct was not isolated but rather part of an established corporate practice designed to minimize claims payouts and undermine policyholders' rights.

58. As a direct and proximate result of DEFENDANTS' breaches, Plaintiffs have suffered damages, including but not limited to unpaid policy benefits, interest on contractually owed amounts, out-of-pocket expenses, and consequential damages caused by the delays and improper handling of their claims. Plaintiffs' damages exceed $500,000. The exact amount will be proven at trial.

## SECOND CAUSE OF ACTION

### Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiff Against all DEFNDANTS)

59. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

60. At all relevant times, Defendants, and each of them, owed Plaintiffs a duty of good faith and fair dealing regarding all transactions, communications, and obligations arising under or in connection with the Policy.

61. Defendants breached their duty of good faith and fair dealing by engaging in a pattern of unreasonable, improper, and bad-faith conduct that hindered and delayed the fair adjustment and resolution of Plaintiffs' claims under the Policy.

HEIDARI LAW GROUP
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710 , Los Angeles, CA 90010
(213) 884-4881   FAX (213) 884-4588

62.     Defendants willfully disregarded Plaintiffs' timely demand for arbitration of bodily injury claims under the Policy, ignored evidence that Plaintiffs complied with all Policy terms, and delayed resolution by continuously refusing to arbitrate the matter.

63.     Defendants breached the implied covenant of good faith and fair dealing by, among other things:

  a.  Failing to properly and fully investigate Plaintiff's demands;

  b.  Failing to evaluate Plaintiff's demands objectively;

  c.  Using unduly restrictive and unreasonable interpretations of the Policy as an excuse for denying payment of benefits to Plaintiff;

  d.  Using improper standards to adjust Plaintiff's claim;

  e.  Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim;

  f.  Failing to advise Plaintiff of all benefits, coverages, time limits and other provisions that might apply to Plaintiff's Claim under the Policy, as required by Title 10 of the California Code of Regulations Chapter 5 section 2695.4, subd.(a);

  g.  Compelling Plaintiff to institute litigation to recover amounts due under the policy;

  h.  Deliberately denying benefits Defendants knew were owed under the Policy in conscious disregard of Plaintiff's known rights and established California case law;

  i.  Failing to respond in writing to proofs of claim submitted by Plaintiff in the manner and within the time periods required by the California Fair Claims Settlement Practices Regulations (10 Cal. Code Regs. sections 2695.1 et seq.)

64.     As a direct result of its breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of regulations promulgated by the California Department of Insurance for the protection of policyholders as described above, Defendants have waived and/or are estopped from asserting any right to contest either coverage or the amount of benefits claimed by Plaintiff or as shown in Plaintiff's proofs of claims submitted to Defendants.

13

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

65.    Because of the wrongful and tortious conduct of Defendants and its representatives and consultants, Plaintiff has suffered legally compensable special and general damages in amounts to be shown at time of trial, including loss of contract benefits, interest thereon, severe emotional, mental, and physical injuries, and consequential damages.

66.    As a direct and proximate result of the conduct of Defendants and its representatives, consultants and employees, Plaintiff has had to engage the services of legal counsel and has incurred, and will continue to incur, costs and attorneys' fees in an amount to be determined according to proof.  Plaintiff claims these fees as a distinct item of damage under *Brandt v. Superior Court* (1985) 37 Cal.App.3d 813.

67.    Defendants' conduct, described above, was part of a long-established pattern and practice designed to force claimants to accept benefits less than what they otherwise were entitled to receive under their policies and to unfairly minimize Defendants' financial exposure and risk.  Plaintiff is informed, believes, and thereon alleges that before the Plaintiff's losses, Defendants instituted various internal programs that unfairly increased profitability by unreasonably minimizing the amounts paid to claimants, lowering the combined loss ratio, and turning the claims department into a profit center.  Plaintiff is further informed, believes, and thereon alleges that Defendants instituted various corporate programs and policies that rewarded claims department personnel with pay raises and promotions if they minimized or eliminated legitimate benefits owed to claimants.  By linking the career success and income of claims personnel to the results achieved in adjusting individual claims, Defendants actively and knowingly encouraged its claim department personnel to engage in fraud, unfair conduct, and abuse of legitimate claimants such as Plaintiff.  These programs were authorized and ratified by Defendants' officers, directors, or managing agents and implemented to reward its employees to achieve Defendants' financial goals at the expense of its policyholders and claimants, including Plaintiff.

68.    Plaintiff is further informed, believes, and thereon alleges that Defendants adopted a policy to deny legitimate claims—such as Plaintiff's Claim—and to support such denials by failing to truly, thoroughly and promptly investigate claims.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

69.     The acts and omissions of Defendants and its employees, described above, were established corporate practices and procedures of Defendants and were authorized, directed, approved, or ratified by Defendants management, the company's officers, directors, or managing agents.   Defendants established these practices and procedures to reward its employees for shortchanging claimants, including the Plaintiff, and for helping Defendants achieve its financial goals at the expense of Defendants' policyholders and claimants, including the Plaintiff.

70.     Defendants, and each of them, either made, authorized, or ratified all of the investigation, claims handling, claims adjustment, payment decisions, and denial of the Claim. As such, they are managing agents of Defendant INDIAN HARBOR pursuant to Civil Code section 3294 because they exercised substantial independent authority and judgment in their corporate decision-making such that their decisions ultimately determined corporate policy for the Claim.

71.     Furthermore, in committing the acts described in this Complaint, Defendants acted intentionally, with a conscious disregard for the Plaintiff's known rights, and did so in a malicious, fraudulent, and oppressive manner. Defendants' acts and omissions, described above, warrant the imposition of exemplary damages under Civil Code section 3294 in an amount sufficient to punish and deter Defendants from engaging in similar conduct in the future.

## THIRD CAUSE OF ACTION

### Unfair Competition, California's Business and Professions Code §17200

### (By Plaintiff Against all DEFENDANTS)

72.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

73.     Plaintiff is informed and believes and thereon alleges that Defendants' acts and omissions, and each of them, described above constitute the standard and ongoing business practices of Defendants.

74.     Defendants are bound by California law to comply with the California Fair Claims Settlement Practices Regulations (10 Cal. Code Regs. section 2695.1 et seq.). Defendants, and each of them, violated those regulations and will continue violating those

15

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

regulations in their handling of Plaintiff's claim and claims submitted by other California insureds unless an injunction is issued by this Court prohibiting such conduct.

75.    The acts and omissions of Defendants described above constitute a violation of various statutes and regulations governing the conduct of insurers in the State of California, including Insurance Code section 790.03 subdivision (h) and various regulations promulgated by the California Department of Insurance and set forth in Title 10 of the California Code of Regulations, sections 2695.1 et seq. and various other California statutes that prohibit insurance fraud.

76.    These acts and omissions constitute unlawful, unfair or fraudulent business acts or practices within the meaning of Business and Professions Code section 17200.

77.    Plaintiff has suffered direct injuries as a result of Defendants' acts and omissions described above, including physical, mental and emotional pain, suffering, worry, and anxiety.

78.    In addition to the direct physical injuries stated above, Plaintiff lost money and property as a result of the unlawful, unfair and fraudulent business acts, practices and conduct of Defendants, and each of them.

79.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

80.    Plaintiff seeks an Order enjoining all of the named and fictitiously-designated defendants, and each of them, from engaging in further unlawful, unfair or fraudulent business acts and practices within the State of California.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

**(By Plaintiffs Against Defendant INDIAN HARBOR)**

81.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

82.    Plaintiffs allege that at the time of the November 30th, 2018 INCIDENT there was a valid contract between Plaintiff and his insurance company, INDIAN HARBOR, by way of agreement entered into between Plaintiff ALVAREZ and LYFT, INC.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

83.     By accepting payment of insurance premiums during the applicable policy period and specifically covering the subject vehicle involved in the subject INCIDENT, Defendant INDIAN HARBOR was conferred upon a substantial benefit.

84.     At the time the benefits under the policy were due and payable to Plaintiff, by Defendant INDIAN HARBOR, those benefits under the policy became the property of Plaintiff. By failing to pay, confer, or otherwise tender all earned benefits and to further deny the right to their pursuit by immediately seeking a determination of whether or not a timely arbitration demand was made, despite proof provided thereon, Defendant wrongfully and unjustly enriched itself at the expense of Plaintiffs.

85.     Furthermore, Defendants *retained and used funds owed to Plaintiff for their own financial benefit and investment income*, justifying disgorgement.

86.     Since Defendant INDIAN HARBOR has unjustly enriched itself at the expense of Plaintiff, equity requires that Defendant be disgorged of that enrichment and that it be transferred to Plaintiff, including any and all interest accrued thereto, as afforded by law.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      For general damages according to proof at the time of trial;

2.      For special damages according to proof at the time of trial;

3.      For punitive damages as alleged;

4.      For lost wages and loss of earning capacity according to proof;

5.      For costs of suit incurred herein;

6.      For interest on damages to the extent available under California law; and

7.      For such other and further relief as this Court deems just and proper.

DATED: November 21, 2025                 **HEIDARI LAW GROUP, PC**

By: */s/ Arian Barkhordar*
Sam Ryan Heidari, Esq.
Arian Barkhordar, Esq.
*Attorneys for Plaintiff,*
*BAHRAM SAHIHI*

17
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HEIDARI LAW GROUP
TRIAL LAWYERS
3530 Wilshire Blvd., Suite 710, Los Angeles, CA 90010
(213) 884-4881   FAX (213) 884-4588

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.


DATED: November 21, 2025                  **HEIDARI LAW GROUP, PC**


By: */s/ Arian Barkhordar*
Sam Ryan Heidari, Esq.
Arian Barkhordar, Esq.
*Attorneys for Plaintiff,*
*BAHRAM SAHIHI*

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/21/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV34204 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Bradley S. Phillips | 26 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on 11/24/2025 _____                              By D. Williams _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)            **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/24/2025**<br>David W. Slayton, Executive Officer / Clerk of Court |
| PLAINTIFF:<br>Bahram Sahihi | |
| DEFENDANT:<br>Sedgwick, et al. | By: _____ A. Munoz _____ Deputy |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25STCV34204 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 04/02/2026 | Time: 8:30 AM | Dept.: 26 |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/24/2025

Judicial Officer

**CERTIFICATE OF SERVICE** Bradley S. Phillips / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sam Ryan Heidari
3530 Wilshire Blvd.
Suite 710
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/24/2025

By A. Munoz _____
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br><br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/24/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Munoz _____ Deputy |
| PLAINTIFF(S):<br>Bahram Sahihi | |
| DEFENDANT(S):<br>Sedgwick, et al. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>25STCV34204 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>04/02/2026</u> at <u>8:30 AM</u> in department <u>26</u> of this court, <u>Stanley Mosk Courthouse</u>_____,
and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>11/24/2025</u>

Bradley S. Phillips / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)<br>LASC Approved 06-04

Cal. Rules of Court, rule 2.30<br>LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/24/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Munoz _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Bahram Sahihi | |
| DEFENDANT/RESPONDENT:<br>Sedgwick, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25STCV34204 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Los Angeles,** California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/24/2025

By: A. Munoz
Deputy Clerk

**CERTIFICATE OF MAILING**

## Superior Court of California, County of Los Angeles
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

LASC CIV 271 Rev. 11/24
For Mandatory Use                                                                 Page 2 of 3

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*