# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | **CV 26-3836 FMO (SKx)** | Date | **May 19, 2026** |
|---|---|---|---|
| Title | **Bahram Sahihi v. Sedgwick Claims Management Services, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):

None Present

Attorney Present for Defendant(s):

None Present

**Proceedings:     (In Chambers) Order Remanding Action**

On November 21, 2025, Bahram Sahihi ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Sedgwick Formally York Risk (Sedgwick"), York Risk Services Group, Indian Harbor Insurance Company ("Indian Harbor"), AXA XL Insurance Company, Constitution State Services ("Constitution"), and Christine Harnack ("Harnack"), asserting state law claims.  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1, Exh. A, Complaint).  On April 1, 2026, Sedgwick removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (See Dkt. 1, NOR at ¶ 3).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-3836 FMO (SKx)** | Date | **May 19, 2026** |
|---|---|---|---|
| Title | **Bahram Sahihi v. Sedgwick Claims Management Services, et al.** | | |

may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3] See 28 U.S.C. § 1332(a).

First, Sedgwick contends that complete diversity exists because plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 3(a)), and Constitution "is a Delaware limited liability company, with its principal place of business located in Connecticut." (See Dkt. 1, NOR at ¶ 3(e)); (Dkt. 1-1, Declaration of Richard P. Tricker ("Tricker Decl.") at ¶ 9). However, Sedgwick improperly relies on the standard applicable to corporations despite the fact that Constitution is an LLC. (See Dkt. 1, NOR at ¶ 3(e)) (employing the standard applicable to corporations). In other words, Sedgwick's contention that Constitution is "a Delaware" company with it "its principal place of business located in Connecticut[,]" (id.), is irrelevant to the determination of Constitution's citizenship. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014) ("An LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). This is because LLCs are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as a [state name] limited partnership for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships."

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

[3] Sedgwick seeks only to invoke the court's diversity jurisdiction. (See Dkt. 1, NOR).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-3836 FMO (SKx)** | Date | **May 19, 2026** |
|---|---|---|---|
| Title | **Bahram Sahihi v. Sedgwick Claims Management Services, et al.** | | |

Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted).

Second, Sedgwick accepts that Harnack is a citizen of California, but contends that her citizenship should be ignored because she is a sham defendant. (See Dkt. 1, NOR at ¶ 3(f)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, 889 F.3d at 548 (internal quotation marks omitted).

Here, Sedgwick has failed to show that "plaintiff could not possibly recover against" Harnack. See Mireles, 845 F.Supp.2d at 1063. It is not enough to claim, as Sedgwick does, (see Dkt. 1, NOR at ¶ 3(f)), that the allegations in the Complaint are insufficient to give rise to individual liability. In other words, even assuming plaintiff's claims against Harnack are deficiently pled, there exists the possibility that plaintiff could salvage his claim through amendment. See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants did not meet their "heavy burden of persuasion[] to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); see also Kirk v. General Ins. Co. of America, 2024 WL 2304566, *3 (N.D. Cal. 2024) (rejecting notion that claims adjusters are completely immune to suit).

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded that Sedgwick has met its burden of showing that complete diversity exits. Therefore, there is no basis for subject matter jurisdiction.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-3836 FMO (SKx)** | Date | **May 19, 2026** |
|---|---|---|---|
| Title | **Bahram Sahihi v. Sedgwick Claims Management Services, et al.** | | |

Based on the foregoing, IT IS ORDERED THAT:

1.  The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |